IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

NORMAN CLARK GANGL           *
#149 515
    Plaintiff,               *

v.                           *        2:07-CV-350-WHA
                                                                                             (WO)

COMMISSIONER[S] CAMPBELL,    *
*et al.*,
    Defendants.              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility located in Clayton, Alabama, files this 42 U.S.C. § 1983 action complaining that he is being subjected to unconstitutional conditions of confinement and inadequate medical care. Named as defendants are ex-Commissioner Donal Campbell, Commissioner Richard Allen, Barbour County, Alabama, the Alabama Department of Corrections, President George W. Bush, and Dr. Peasant. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against Barbour County, Alabama, the Alabama Department of Corrections, and President Bush, prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i-iii).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. President Bush*

The court understands Plaintiff to bring suit against President Bush as a federal official under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).[2] Liability in a *Bivens* action arises only upon a showing of personal participation by the named defendant and there is no *respondeat superior* liability in a *Bivens* suit. *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003) (no *respondeat* liability in *Bivens* actions); *Simpkins v. District of Columbia Gov't,* 108 F.3d 366, 369 (D.C. Cir. 1997) (complaint must allege personal involvement by government official in events giving rise to constitutional claim under *Bivens*); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994). As there is no allegation of any personal involvement by President George W. Bush in the alleged conditions of confinement claim, a *Bivens* claim against him cannot succeed.

Moreover, President Bush enjoys presidential immunity from suit for damages for conduct that is part of the President's official duties. *Forrester v. White,* 484 U.S. 219, 225 (1988); *Nixon v. Fitzgerald,* 457 U.S. 731, 756-58 (1982). Thus, President Bush is immune from damages liability for his official actions.

In light of the foregoing, there's no legal basis on which Plaintiff's claims against Defendant Bush may proceed. This defendant is, therefore, due to be dismissed. *See Neitzke*

---

[2] A *Bivens* action is a civil action against federal officials for injuries to a constitutionally protected interest.

*v. Williams*, 490 U.S. 319 (1989).

*B. Barbour County, Alabama*

Plaintiff brings suit against Barbour County, Alabama, alleging that the county failed to shut down the Ventress Correctional Facility after it exceeded its design capacity. Plaintiff's claims against Barbour County are due to be dismissed.

Governmental entities, such as Barbour County, cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior.* See *Monell v. New York City Dept. Of Soc. Serv.*, 436 U.S. 658, 694 (1978). Instead, "[a] local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.' *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986) (*citing Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978))." *Turquitt v. Jefferson County*, 137 F.3d 1285, 1287 (11th Cir. 1998). *See also Canton v. Harris,* 489 U.S. 378, 385 (1989) ("[A] municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." (emphasis in original)). Thus an entity can be held monetarily liable only through "'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,'" or "'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making body.'" *City of St. Louis v. Praprotnik,* 485 U.S.

3

112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91).

In this case, Plaintiff does not allege much less indicate that Barbour County violated his civil rights as a result of any policy, practice or custom. Thus, Barbour County, Alabama is not liable under § 1983 for the actions about which Plaintiff complains and the claims against this defendant are, therefore, due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-ii).

C. *The Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections are due to be dismissed. *Id.*

D. *Statute of Limitations*

Plaintiff contends that the constitutional violations about which he complains began on September 1, 2002. Plaintiff filed this complaint on April 26, 2007. Thus, conduct Plaintiff complains about which occurred prior to April 26, 2005 is barred by the statute of limitations.

While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Burnett v. Grattan*, 468 U.S. 42

(1984).

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). . . . Alabama law [ ] provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v . Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala. Code* § 6-2-38(l). *See Owens v. Okure*, 488 U.S. 235, 249-250 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992).

Based on the facts alleged in the complaint, the alleged unconstitutional conditions of confinement and/or medical treatment claims about which Plaintiff complains began on or about September 1, 2002. That portion of the tolling provision which previously applied to convicted prisoners was rescinded by the Alabama legislature on May 17, 1996. *See Ala. Code* § 6-2-8(a) (1975, as amended).[3] Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is, therefore, unavailing. Consequently, the applicable statute of limitations expired on Plaintiff's claims which occurred prior to April 26, 2005. As noted,

---

[3]The 1996 amendment, effective May 17, 1996, removed imprisonment as a disability entitled to protection under the tolling provision. In its pre-amendment form, the statute provided that "[i]f anyone entitled to commence any of the actions enumerated in this chapter . . . is . . . imprisoned on a criminal charge for any term less than life, he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . ." *Ala. Code* § 6-2-8(a)(1975).

Plaintiff filed the instant complaint on April 26, 2007. This filing, with respect to those claims arising before April 26, 2005, is after the applicable limitations period lapsed.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under § 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F. Supp. [1310] at 1330, 1332 [D.C. Or. 1983]." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed as this action, with respect to those claims which occurred prior to April 26, 2005, is brought more than two years after the violations about which he complains accrued. The statutory tolling provision is unavailing. In light of the foregoing, the court concludes that Plaintiff's challenges to the conduct and/or actions of Defendants which occurred prior to April 26, 2005 are barred by the applicable statute of limitations and these claims are, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d 636; *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against President George W. Bush, Barbour County, Alabama, and the Alabama Department of Corrections be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i-iii);

2.  President Bush, Barbour County, Alabama, and the Alabama Department of Corrections be DISMISSED as defendants to this complaint;

3.  Plaintiff's claims which arose prior to April 26, 2005 be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as such claims are not filed within the time prescribed by the applicable statute of limitations; and

4.  This case with respect to the remaining defendants be referred back to the

undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 26, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 13th day of June, 2007.

                                            Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE