IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMAN CLARK GANGL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 2:07-CV-350-WHA-WC |
| DONAL CAMPBELL, ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## SPECIAL REPORT

COME NOW the Defendants, the **Alabama Department of Corrections, Commissioner Richard Allen, and former Commissioner Donal Campbell**, by and through undersigned counsel, and in accordance with this Honorable Court's May 10, 2007 Order, offer the following written report.

## PARTIES

1. The Plaintiff, Norman Clark Gangl, is an inmate of the Alabama Prison System.

2. Defendant Alabama Department of Corrections (ADOC)

3. Defendant Richard Allen is the current Commissioner of the Alabama Department of Corrections.

4. Defendant Donal Campbell is the former Commissioner of the Alabama Department of Corrections.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Plaintiff seeks monetary damages of reimbursed medical costs "when Plaintiff is free", one thousand dollars a day for every day Plaintiff is forced to take medication, and

1

punitive damages, and injunctive relief from conditions created by prison overcrowding including five "days credit for every day served sense [sic] Sept.1, 2002". Plaintiff alleges in his complaint that the Defendants are violating Plaintiff's rights by forcing Plaintiff to be housed in an overcrowded facility.

## DEFENDANTS' RESPONSE

1. Defendants deny violating the Plaintiff's constitutional rights.

2. Plaintiff's claims are barred by the applicable Statute of Limitations.

3. Defendants named in their official capacities are immune by virtue of sovereign immunity.

4. Defendants named in their individual capacities are immune by virtue of qualified immunity.

5. Plaintiff lacks standing to bring this suit against the Defendants in their individual capacities.

6. Defendants request that this Honorable Court consider this report as a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id*. Merely submitting restated allegations of

the complaint is not sufficient to meet the non-movant's burden. *Morisky v. Broward County*, 80 F.3d 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Plaintiff's claims and the Defendants are entitled to judgment as a matter of law.

## ARGUMENT OF FACT AND LAW

Plaintiff's allegations are baseless conclusions and Plaintiff's Complaint lacks the specificity required by courts in civil rights actions. *Ford v. DeLoach*, 2005 WL 1243346 *4 (M.D. Ala. May 25, 2005) (*quoting Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff's claims are due to be dismissed.

Plaintiff has filed this action on the basis of 42 U.S.C. §1983 alleging a date of September 1, 2002, as the point he became aware of the violations he alleges. As this court noted in *Tarver v. Robertson,* not reported in F.Supp.2d, 2005 WL 1331260 (M.D. Ala. 2005):

> While there is no express period of limitations in the Civil Rights Act, federal courts generally apply the most appropriate state statute of limitations to a claim filed under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker,* 755 F.2d 1406. 1409 (11th Cir.1985). Alabama law provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.,* 399 So.2d 263, 269-70 (Ala.1981). *Dukes v. Smitherman,* 32 F.3d 535, 537 (11th Cir.1994). Alabama's general two year statute of limitations for personal injury actions is the most applicable to the case at bar. *Ala.Code* § 6-2-38(1). *See Owens v. Okure,* 488 U.S. 235, 249-250, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of

> limitations for personal injury actions); *see also Lufkin v. McCallum,* 956 F.2d 1104, 1105 (11th Cir.1992).

*Tarver,* 2005 WL 1331260 at p. 1 (M.D. Ala. 2005). Plaintiff filed this cause of action on April 26, 2007, almost four years and eight months following the date he admits to first becoming aware of the allegations made the basis of his complaint. Plaintiff's claims are barred by the applicable statute of limitations.

Regardless of the fact that Plaintiff's claims are untimely, the claims against the ADOC, Richard Allen and Donal Campbell, in their official capacities, are due to be dismissed because they are immune from liability. The United States Supreme Court has stated:

> "There can be no doubt … that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945); *Worcester County Trust Co. v. Riley*, 302 U.S. 292 (1937). Respondents do not contend that Alabama has consented to this suit, and it appears that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that no consent could be given under Art. I, § 14, of the Alabama Constitution, which provides that 'the State of Alabama shall never be made a defendant in any court of law or equity.'"

*Alabama v. Pugh*, 438 U.S. 781, 782 (1978). There has been no consent or wavier of immunity in this case. Defendants are absolutely immune from being sued in their official capacities.

In addition, the Defendants Allen and Campbell are entitled to qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a

4

reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc). Because the alleged acts of the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. *Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity).

The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295. None of the named Defendants are responsible for the daily operations of the Ventress Correctional Facility. Richard Allen, Commissioner of Corrections, and Donal Campbell prior to him, administers the Department of Corrections through his staff and other employees of the Department, but does not control the daily operation of Ventress Correctional Facility. Following *Wilson*, the Defendants sued in their individual capacities are immune from liability.

Additionally, it is clear that these defendants are designated defendants solely because of their ultimate supervisory roles as head of the governmental agency which oversees state prisons. The law is well settled that supervisory officials cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or vicarious liability. *Ford v. Deloach*, 2005 WL 1243346, at *3 (M.D. Ala. May 25, 2005).

To recover from these defendants, Plaintiff would have to show that they are "liable either through their personal participation in the acts comprising the alleged constitutional violation or the existence of a causal connection linking their actions to the violation." *See id*. Although Plaintiff has listed a number of alleged constitutional violations at Ventress Correctional Facility related to prison overcrowding, Plaintiff has failed to show how the actions of Commissioner Allen or Former Commissioner Campbell contributed to these alleged violations. As a result, Plaintiff's complaint is due to be dismissed. *See Ford v. Deloach*, 2005 WL 1243346, at *4 .

The Defendants raise the issues of Plaintiff's lack of standing and Plaintiff's failure to state a claim upon which relief can be granted. The Plaintiff lacks standing and therefore this Honorable Court lacks jurisdiction. Without standing, the Plaintiff fails to state a claim upon which relief can be granted. Standing is essential to jurisdiction. "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U. S. 420, 429 (1961), *citing United States v. Raines*, 362 U.S. 17, 22 (1961). The essence of a standing question is whether the Plaintiff has alleged "a personal stake in the controversy." *Harris v. McRae*, 448 U. S. 297, 320 (1981). The Plaintiff must assert "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of the issues upon which the court so largely depends for the illumination of difficult constitutional questions." *Harris v. Evans*, 20 F. 3d 1118, 1121 (11th Cir. 1994) *citing Saladin v. City of Milledgeville*, 812 F. 2d 687, 690 (11th Cir. 1987)(internal citations omitted).

The Plaintiff did not set forth in his complaint any demonstrable, particularized injury to him. His complaint does not state a date, describe or otherwise pinpoint any act,

6

omission, or breach of duty which has resulted in any specific injury, whether actual or threatened, to him within the period not barred by the statute of limitations. The Plaintiff's standing or "personal stake" in this controversy rests entirely upon the implication that his custodial confinement at Ventress Correctional Facility necessarily means that his constitutional rights to be free of cruel and unusual punishment were violated. This does not suffice to establish standing.

The threshold showing for standing must demonstrate, as an irreducible constitutional minimum, (1) that the plaintiff has suffered an injury in fact, (2) that the injury is fairly traceable to the actions of the defendant, and (3) that the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992); *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Commission*, 226 F.3d 1226 (11th Cir. 2006); *Harris v. Evans*, 20 F. 3d 118, 1121 (11th Cir. 1994). An "injury in fact" requires an invasion of a legally protected interest which is both concrete and particularized as well as actual or imminent, not conjectural or hypothetical. *See Miccosukee Tribe of Indians of Florida*, 226 F. 3d 1226 at 1229; *E.F. Hutton & Co., Inc. v. Hadley,* 901 F.2d 979, 984 (11th Cir. 1996). Plaintiff failed to include in his Complaint particularized facts concerning a threatened or actual injury sufficient establish standing to assert his rights or the rights of others. Therefore, this court lacks jurisdiction and the Plaintiff's action is due to be dismissed.

## **CONCLUSION**

Based on the foregoing, Defendants Alabama Department of Corrections, Richard Allen, and Donal Campbell respectfully request that this Court consider treating this

Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

                                            Respectfully submitted,

                                            TROY KING
                                            Attorney General

                                            /s/ Benjamin H. Albritton
                                            Benjamin H. Albritton (ASB-0993-R67B)
                                            Assistant Attorney General


ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300


## CERTIFICATE OF SERVICE

      I hereby certify that I have, this the 18th day of June, 2007, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Norman Clark Gangl, 149515
Ventress Correctional Facility
P.O. Box 767
Clayton, Alabama  36016

                                            /s/ Benjamin H. Albritton
                                            Benjamin H. Albritton
                                            Assistant Attorney General