IN the UNITED STATES DISTRICT COURT
For the MIDDLE District of ALABAMA
Northern DIVISION

CASE No. 2:07-CV-350-MHT
[JURY TRIAL REQUEST]

Norman Clark GANGL 149515
   Plaintiff,
V.
Commissoner[S] CAMPBELL, "et al";
   Defendants.

## "RESPONSE"

Plaintiff [GANGL] files "this" RESPONSE, pro se and in compliance of "Order" [DOCUMENT # 23-1] [DATE filed 08/16/2007] by Wallace CAPEL, Jr.
UNITED States Magistrate Judge.

Defendant's "Claim" that Plaintiff failed to exhaust State Remedies is TAKEN In bad faith and Plaintiff Request that counsel for defendant be held in contempt for a frivolus claim designed to do no more then cloud the issues, delay a trial and for actually withhold-facts that indicate the "exhaustion" procedures incorporated by Plaintiff,

PAGE (1)

the Procedures that Plaintiff followed are not Denied by the defendants. Plaintiff was what was termed a "Cronic Care Patient." He was assigned a "Cronic Care Nurse" and once a month Vitals were taken and then the "Cronic Care" Nurse would instruct Plaintiff to wait in the Lobby until Mrs Floyd was able or ready to to see Gangi, Plaintiff. Gangi was informed that if he had Questions or Problems to Discuss them with the Cronic Care Nurse.

Plaintiff avers that he told his "Cronic Care" Nurse that the Medicine [RIframpin] was making him sick. This is a "direct Oral Grievance" and the "Cronic Care Nurse" instructed Plaintiff to address Grievanses with Mrs Floyd.

Mrs Floyd is a Medical "Doctor Praticioner" and had taken over my "Care" after the Medication for TB was Prescribed by Doctor Peasant.

Page (2)

Mrs. Floyd listened to the Grievances and informed Plaintiff that if he was getting too sick to take the Riframpin 600 mg a day for 120 days, then he would have to take the INH medication. But Doctor Pesant had already informed Plaintiff that due to liver damage INH treatment was not what he recommended. Believing his health was danger Plaintiff informed Mrs Floyd that he would file a law suit and Mrs Floyd's exact words were "Do what you think is Right." So Plaintiff filed the 1983 Claim understanding that there was no other choice.

    Now Plaintiff will address the affidavit of Nettie Burks. Plaintiff avers that Mrs Burks is more than the Health Service Administrator. In fact it was the same Mrs Nettie Burks who was the last Nurse to "draw" my blood.

Page (3)

Mrs Burks is not only "MINE" but also a favorate Nurse of most inmates that have been at Ventress. It is important to make note that when other Nurses had trouble drawing my blood Mrs Nettie Burks had none. Her "Bedside" mannor" so to speak makes a patient fill comfortable and if I would have known that I could file a Grievance with her I would not hesitate to. In other words the "Grievace Procedure" as explained by Mrs Burks is the best kept secrete at "Ventress". In five years I have never missed reading the INMATE BULLITEN. This Grievance as Described by Mrs Burks has never been posted in the DAILY INMATE Bulliten. It is not posted at the Library (LAW) at Ventress, nor on the walls at the HEALTH CARE Clinic.

The Claim that Plaintiff failed to exhaust State Remedies is not well founded and Plaintiff submits an affidavit [Exhibit]- Plaintiff-A] [Attached]

the "Prison Heath Services, INC." was provided all the "Exhaustion Requirement" necessary.

Page (4)

Gangl addressed the Heath Grievances with the "Cronic Care Nurse". Gangl was informed to take his Grievance to Mrs Floyd and "He" did; and not content with Mrs Floyd's solution, Plaintiff informed Mrs Floyd that he would file a Law suit and she instructed Plaintiff to "Go-ahead".

Before addressing the next issuee Plaintiff ask the Court to issue an "INJUNCTION" mandating that "Grievance Procedures" be posted in the "Inmate Bulitan" and on the wall at the Health Care Clinic as well as at the Library.

It is without a doubt that the "Grievace Procedure" is being kept a Secrete in or to allow the Defandants to file an Exhaustion Claim in order to overcome a Constitutional violation.

Although the Grievance of health care was orally taken See Porter v. Nussle 152 L.E.2d on page 12. - id at page 14. - To this purpose Congress afforded Corrections officials time and opportunity to address complaints internally before allowing the initiation

Page 5

of a federal CASE.

That ENDS the discussion on #1 of the ORDER.

<u>Number 2. of the "Order" States</u> Defendant Allen and Campbell's assertion that the complaint fails to establish that these defendants in any way acted in violation of his constitutional Rights.

First, Plaintiff must allow to the district Court how Commissioner Allen was appointed for the JOB. Commissioner Campbell had been under a Federal Court order to Relieve overcrowding in the Alabama Prisons. After years without success a Federal Judge put his foot down and informed the Former Commissioner Campbell to either Relieve overcrowding or face the INSIDE of a JAIL. Rather then face a JAIL CELL the former Commissioner Campbell Relinquished his JOB and with the A.D.O.C. facing Numerous complaints and Lawsuits due to overcrowded conditions, Rather then find an expert in "Penal Management" the Position was

page 6

assumed by a LEGAL Expert in order to overcome the LAW Suits being faced by the A.D.O.C.

Commission Allen's first public Responce to the NewsPAPERS was ... "The Federal Judge can Put ME in JAIL ... I Refuse to Release Dangerous Prisoners"

Commissioner Allen excepted responsibility for the overcrowded conditions and the Populations of INMATES has grown.

Commissioner Allen Knew even before he left the Attorney General as Chief Deputy for Troy King, Attorney General for Ala. that the ADOC was opperating at more then double of the max capacity.

Commissioner Allen Knows that Dorm H-1 at Ventress is no more then a sea of bunks, stacked head to foot - doubles with barely room for prison Guards to walk between the bunks to "do Count".

Commissioner Allen know that Ventress has been on Quarintine for TB epidemic in 2005.

P.7.

Commissioner Allen EXCEPTED the Risk when he allowed 204 INMATES to be Housed in Dorm H-1 at Ventress when the dorm should not have housed more then 100 INMATES.

It is Commissioner Allen's Contention that as long as the INMATES are Given TREATMENT for the Sickness that overcrowding Causes then He is in the Clear.

Commissioner Allen has a duty to Protect inmates from injury to the best of his ability and the United States Supreme Court has said that includes TB and Hepitus-C or Staph infections.

Constitutional Rights go deeper then providing TREATMENT, Recommended Design Capacities insure or help control TB and other sickness.

Commissioner Allen has broAk the LAw by allowing the FAciLity to opperate at more the Double the Recommended Copacity.

P. 8

## Conclusion

Plaintiff admits his "Beef" is not with Doctor Peasant. Plaintiff admits Dr Peasant was doing no more then what he was ordered to do and that is to agressively treat the TB Germ even at the risk to an INMATES HEALTH. Plaintiff GANGL, swears under the Rules of Perjury that Doctor Peasant informed Plaintiff that it is doubtful, due to the liver damage that he would prescribe the Riframpin to GANGL if he was a free man, but because he is a prisoner he was "UNDER ORDERS" and had no choice. Double Standards in MEDICAL Treatment between an INMATE and a free Person violates the Constitution.

Allowing 1700 inmates to be contained at Ventress, a facility designed for 700 INMATES presents an INQUIRY of Constitutional Proportion.

Petitioner GANGL has suffered TB - Hepititus-C and Staph infection. These are all

INJURIES that will survive a Constitutional INQUIRY and could have been avoided If Commissioner Allen would have done his JOB and not allowed the Prison To OPPERATE at more then Double the Max Capacity Designed for. [Possible Triple].

Doctor Pesant was acting under the Color of STATE LAW, [and federal] when he forced me to undergo a treatment. Petitioner Can't even begin to Rationalize what the CRITERIA is that he must MEET for the Hepititus -C treatment.

Defendants "desire to dismiss" is not well founded.

Plaintiff will Point out that approximately (1) ONE million GALLONS of RAW SEWAGE is being Pumped into Al-Rivers a year because even the Sewage Treatment Plants Can NOT HANDLE the Sewage from a Prison that is OPPERATat MORE then double the Capacity it was designed for.

A trial by Jury is in order. No ONE is above the LAW

Page 10

Nor should be able to defy the Constitutional Rights the way Commissioner Allen has.

60% of the inmates in the ADOC are infected with TB, AID, HIV, Hepititus, Staph infection or STD's. The danger to the public of all the Raw Sewage is the biggest crisis that Al. Citizens face.

Plaintiff Prays for a Jury trial as soon as possible.

Respectfully,

Norman Clark Gang

Norman Clark Gang 149515
Ventress Correctional Facility
PO Box 767
Clayton Al. 36016

## Certificate of Service

PlAINTiff Norman Clark Gangl SWEArs that everything "he Said" in this "Responce" is true and that on this DATE _____ a true and correct copy is being put in the MAIL BOX for EACH INterested Party Listed below.

(1) Office of the Clerk
   U.S DISTRICT Court  Po Box 711
   MontGomery, Al 36101-0711

(2) Paul M. James Jr. Attorney at Law
   184 Comerce Street, Po Box 270
   MontGomery, Al. 36101-0270

(3) Office of the Attorney General
   11 South Union St.
   MontGomery, Al 36130

Note by Plaintiff [GANGL] Due to the fact that the Law Library has been closed the Last (3) days Plaintiff was not able to Have the "Plaintiff Exhibit A" Notorized, but Plaintiff swears under the Rules of PerJury that all the information on Said Exhibit is true and all the witness SIGNAtures are true.

DAte Aug 22, 2007   Signed,
                     Respectfully, Norman Clark Gangl
                     Norman Clark Gangl.  149515





STATE OF ALABAMA
COUNTY OF Barbour

## AFFIDAVIT

BEFORE ME, _____, a notary public in and for said County and State, personally appeared Norman Clark Gaus[l], and being duly sworn, deposed and says on oath the following:

I Presented my Grievances to my "Cronic Care" Nurse who informed me to Present my Grievences to Mrs Floyd; which I did. And Not Satisfied with Mrs Floyd's solution I told her I would File a Law Suit and Therefore filed a 1983 Claim. Mrs Burks Claim That I fail to Bring The Claim to her is Not well Grounded. I have been at Ventress five years. I have Never heard of the Procedure She describes in her affidavit and to support my Claim I will allow several inmates to Read this AFFIDAVIT and ask them to Sign the attached Paper if they agree that the Procedure Mrs Burks describs is the best kept Secrete at Ventress Corr. Facility.

Further affiant sayith not.

_____
Signature of Affiant
149515

Subscribed and sworn to before me this

22 day of Aug, 2007.

_____
Notary Public

_____
Comm. Exp. Date

To whom it may concern. I have the AFFIDAVIT [Attached] and agree with Norman GANGL. There has never been a Grievance Form Such as Mrs Netti Burks describes posted anywhere at the Ventress Facility

(1) Timothy McKee A'is 247663 (1year at ventress)
(2) Rex Humphrey ais 236669 (3 years at ventress)
(3) Russell Dingman 228846 (3ye at ventress)
(4) Brian Austin 195620 (2nd time at Ventress)
(5) William Gosa 191665 (4 years at Ventress)
(6) _____ ___ 208644 (15 months at Ventress)
(7) Brian Cooper 233253 (8 months)
(8) Billy J Seller 245654 (1 year) at ventress
(9) Donnie Beck 207200 (2 year)
(10) Brito Adrian 230650 (3½ year) ventress
(11) Michael L Stewart #174188 (3/3 month) ventress
(12) _____

Everything on this affidavit is true to the best of my knowledge.
   DATE.                    SIGNED Norman Clark Gangl
         Norman Clark Gangl 149515
         Ventress Correctional Facility
    PO  Box 767
         Clayton, AL 36016

Norman Gansl 149515
Ventress Correctional Facility
PO Box 767
Clayton, AL 36016

THIS CORRESPONDENCE IS FORWARDED FROM AN ALABAMA STATE PRISON. THE CONTENTS HAVE NOT BEEN EVALUATED AND THE ALABAMA DEPARTMENT OF CORRECTIONS IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENT OF THE ENCLOSED COMMUNICATION

Office of the Clerk
U.S. District Court
PO Box 711
Montgomery, AL