IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

______________________________

NORMAN CLARK GANGL, #149 515 *

Plaintiff, *

v. * 2:07-CV-350-MHT
(WO)

COMMISSIONER[S] CAMPBELL, *
*et al.*,

Defendants. *

______________________________

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Norman Gangl ["Gangl], a state inmate, challenges the medical treatment provided to him at the Ventress Correctional Facility ["Ventress"] and further contends that overcrowding at the facility violates his constitutional rights. Gangl names Dr. John Peasant, Commissioner Richard Allen, and former Commissioner Donal Campbell as defendants in this cause of action.[1] Gangl seeks payment of his medical costs upon his release from prison, extra jail credit, and monetary damages. Defendants filed special reports and supporting evidentiary materials addressing Gangl's claims for relief. In these documents, Defendant Allen and Campbell argue that they are entitled to summary

[1]Plaintiff also named as defendants to his complaint the Alabama Department of Corrections, former President George Bush, and Barbour County, Alabama. By order entered July 9, 2007 the court dismissed Plaintiff's claims against these defendants. The court's July 9 order also dismissed those claims barred by the statute of limitations. (*See Doc. Nos. 10, 16.*)

judgment because they are/were not involved with the prison conditions about which Gangl complains. Dr. Peasant asserts that the medical claims presented against him are due to be dismissed because Gangl failed to exhaust an administrative remedy available to him at Ventress. The court provided Plaintiff an opportunity to file a response to the arguments presented by Defendants.

Pursuant to the orders entered in this case and governing case law, the court deems it appropriate to treat Defendants Allen and Campbell's written report as a motion for summary judgment and Defendant Peasant's report as a motion to dismiss. While the motion to dismiss is supported by affidavits and other documents, since the action against Dr. Peasant is being decided on the basis of exhaustion and not on the merits, the motion will not be construed as a motion for summary judgment. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.' ") (footnote and citations omitted), *cert. denied,* 129 S.Ct. 733 (Dec.8, 2008). Thus, this case is now pending on Defendants Allen and Campbell's motion for summary judgment and Defendant Peasant's motion to dismiss. Upon consideration of these motions, the evidentiary materials filed in support thereof, and Gangl's responses thereto (*Doc. Nos. 12,*

*21, 24, 26, 27*), the court concludes that Defendants' motions are due to be granted.

## I. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.").[2] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element

[2]Effective December 1, 2007, "[t]he language of Rule 56 [was] amended ... to make the rule[] more easily understood and to make style and terminology consistent throughout the rules. These changes ... are stylistic only." Fed.R.Civ.P. 56 Advisory Committee Notes. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior rule remain equally applicable to the current rule.

of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Defendants Allen and Campbell have met their evidentiary burden and demonstrated the absence of any genuine issue of material fact with respect to the claims lodged against him. Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine issue material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must ... set out specific facts showing a genuine issue for trial."). A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 549 U.S. 521, 530 (2006) (internal citation omitted). Consequently, to survive Defendant Allen and Campbell's properly supported motion for summary judgment, Gangl is required to produce "sufficient evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249 (1986); Rule 56(e)(1), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in

favor of the moving parties. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, Gangl's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Gangl fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. STANDARD OF REVIEW FOR DELIBERATE INDIFFERENCE

The Constitution proscribes those conditions of confinement which involve the wanton and unnecessary infliction of pain. *Rhodes v. Chapman*, 452 U.S. 337 (1981). Only

actions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to establish constitutional violations. *Id.* at 347; *see also Wilson v. Seiter*, 501 U.S. 294 (1991) (overcrowding, without more, does not rise to the level of a constitutional violation). The Constitution "does not mandate comfortable prisons, but neither does it permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349). Thus, it is well-settled that the treatment a prisoner receives and the conditions under which he is confined are subject to constitutional scrutiny. *Helling v. McKinney*, 509 U.S. 25 (1993).

A prison official has a duty under the Eight Amendment to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Helling,* 509 U.S. at 33. In order to prevail in a § 1983 action on an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective component requires an inmate to prove the he was denied the "minimal civilized measure of life's necessities." *Id*. The challenged prison condition must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004). The subjective component requires a prisoner to prove that

the prison official acted with "deliberate indifference" in disregarding that risk by showing that an official knew the inmate faced a "substantial risk of serious harm" and with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 828, 834, 837.

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2001). Thus, for Gangl to survive summary judgment on his conditions claim, he is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) Defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

## III. DISCUSSION

*A. The Claims Against Allen and Campbell*

Gangl argues that Defendant Campbell failed to comply with a court order to relieve overcrowding in Alabama prisons and that Defendant Allen knew at the time he became Commissioner that the State's penal institutions were overcrowded. Gangl has not produced any evidence, however, to show that Defendants Allen and Campbell are/were directly responsible for or personally participated in establishing the conditions about which he

complains. The law in this circuit is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir.2003) (internal quotation marks and citation omitted). Thus, supervisory defendants are liable only if they personally participated in the allegedly unconstitutional conduct or if there is "a causal connection between [their] actions ... and the alleged constitutional deprivation." *Id. See also West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir.2007). Gangl must present sufficient evidence of either (1) a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... facts [that] support an inference that the supervisor[s] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so;" or (2) "a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." *Cottone,* 326 F.3d at 1360 (internal quotation marks and citations omitted) (second alteration in original). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley v. Parnell,* 193 F.3d 1263, 1269 (11th Cir.1999) (internal quotation marks and citation omitted).

    Gangl has presented no evidence to create a genuine issue of disputed fact that Defendants Allen and Campbell implemented an affirmative custom or policy of overcrowding or that they directed subordinates to act unlawfully with respect to prison

conditions. The only remaining issue, therefore, is whether the overcrowding and other conditions about which Gangl complains constitute widespread abuses which were "obvious, flagrant, rampant and of continued duration" so that Defendants Allen and Campbell were put on notice that the conditions needed correction and they failed to do so.

There is nothing before the court which indicates that Defendants Allen or Campbell personally participated in or had any direct involvement with the conditions under which Gangl was housed. Gangl complains in conclusory terms that Ventress is overcrowded, has inadequate bathroom facilities, and unsanitary bed mattresses. Plaintiff maintains that he contracted health problems as a result of these conditions including tuberculosis, staph, and hepatitis.[3] Gangl has failed to produce evidence, however, which shows that Defendants Allen or Campbell knew of an obvious risk of serious harm to him and disregarded that risk, *Farmer* 511 U.S. at 837, or that these Defendants' actions resulted in the denial of the minimal civilized measure of life's necessities.[4] *Rhodes*, 452 U.S. at 347.

---

[3]Gangl's assertion that he contracted infectious diseases due to overcrowded conditions at Ventress is general and conclusory and, thus, insufficient for summary judgment purposes to demonstrate that the conditions of confinement were so unsanitary as to violate the Eighth Amendment. *See Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir.2005) ( "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion").

[4]Although Gangl maintains that Defendant Allen knew when he assumed his role as Commissioner of the Department of Corrections that the agency was operating facilities at more than double their maximum capacity and that Ventress had been under quarantine in 2005 due to a TB epidemic, Gangl does not say how he knows what Defendant Allen knows, and that failure on his part means the court cannot consider it on summary jugment. *See* Fed.R.Civ.P. 56(e)(1) (Requiring that an opposing affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated ...")

No doubt, the conditions about which Gangl complains are an unfortunate part of prison life in general. While the Constitution does not mandate comfortable prisons, conditions under which inmates are housed must not be inhumane. *Mathews v. Crosby*, 480 F.3d 1265, 1269 (11th Cir. 2007). The existence of the problems identified by Gangl, however, cannot be characterized as "abuses" nor is the fact of their existence sufficient to show a constitutional violation. Further, Gangl fails to produce evidence that either Defendants Allen and Campbell or prison officials at Ventress have ignored the problems about which he complains or displayed deliberated indifference to them or that there are obvious, flagrant and rampant abuses of continued duration sufficient to put Defendants Allen and Campbell on notice of deficiencies so serious that their intervention was constitutionally required. Consequently, Defendants Allen and Campbell's motion for summary judgment on Plaintiff's claims challenging the conditions of confinement at Ventress is due to be granted.

*B. The Claims Against Dr. Peasant*

Gangl challenges the constitutionality of medical treatment provided to him by Dr. Peasant. Specifically, Gangl contends that Dr. Peasant treated and medicated him for tuberculosis even though he was not contagious and the risk of damage to his liver was extreme. In response to the complaint, Dr. Peasant denies Gangl's allegations and likewise maintains that Gangl's complaint against him is subject to dismissal because he has failed to exhaust an administrative remedy available to him at Ventress which is a mandatory

precondition to filing this cause of action. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly

structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

Federal law directs this court to treat the medical defendant's response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1374, 1375. The record in this case is undisputed that the health care provider for the Alabama Department of Corrections provides a grievance procedure for inmate complaints related to the provision of medical treatment. (*Doc. No. 21, Exh. C-D; Doc. No. 26, Exh. A*.) The evidentiary materials submitted by Defendant Peasant demonstrate that Gangl failed to file the requisite grievance with respect to the actions about

which he complains in the instant complaint. Gangl does not dispute his failure to exhaust the administrative remedy available in the prison system prior to filing this case. The court, therefore, concludes that the claims presented in this cause of action against the medical defendant is subject to summary dismissal without prejudice as Gangl failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants Allen and Campbell's motion for summary judgment (*Doc. No. 12*) be GRANTED.

2. Plaintiff's claims against Defendants Allen and Campbell be DISMISSED with prejudice.

3. The motion to dismiss filed by Defendant Peasant (*Doc. No. 21)* be GRANTED to the extent this defendant seeks dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy available to him at the Ventress Correctional Facility.

4. The claims against Defendant Peasant be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for Plaintiff's failure to exhaust an administrative remedy available to him at the Ventress Correctional Facility.

It is further

ORDERED that on or before **July 16, 2009** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of July, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR
UNITED STATES MAGISTRATE JUDGE